UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK DAVIS, | Case No. 5:15-cv-02337-PSG |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| U.S. BANCORP D/B/A U.S. BANK HOME MORTGAGE, et al., | **(Re: Docket Nos. 7, 16)** |
| Defendants. | |

Defendant U.S. Bank National Association holds the beneficial interest in a deed of trust on a residential property in Hollister, California.[1] The property belongs to Plaintiff Mark Davis,[2] and Defendant U.S. Bancorp services that deed of trust.[3] Defendants foreclosed on the property in 2011 after Davis defaulted.[4] In 2015, Davis filed suit, bringing various claims under California state law.[5] Defendants now move to dismiss Davis' complaint.[6] Because Davis has failed to plead

---

[1] *See* Docket No. 1-1, Ex. A, Complaint, at ¶ 3.

[2] *See id.* at ¶¶ 3, 9.

[3] *See id.* at ¶ 2.

[4] *See id.* at ¶¶ 15-17.

[5] *See id.* at ¶¶ 31-87.

[6] Defendant Old Republic National Title Insurance Company moves separately to join in this motion to dismiss. *See* Docket No. 16. Old Republic's motion is GRANTED.

1

Case No. 5:15-cv-02337-PSG
ORDER GRANTING MOTION TO DISMISS

any legally cognizable causes of action, the motion to dismiss is GRANTED, but with leave to amend.

**I.**

Davis' complaint arises out of an adjustable-rate loan he took out on his property in 2006 from Downey Savings and Loan Association.[7] The deed of trust was eventually assigned to U.S. Bancorp, which recorded a notice of default against the property on September 2, 2011.[8] No Defendant contacted him to explore foreclosure alternatives before recording the notice of default.[9] When Davis applied to modify the loan three years later, U.S. Bancorp did not acknowledge that he had submitted a complete application or even respond meaningfully to the application.[10] Despite his efforts to reach an alternative resolution to foreclosure, U.S. Bancorp continues to pursue the foreclosure without giving him the opportunity to modify the loan.[11]

Davis filed the present suit in state court on April 20, 2015;[12] it was removed to this court a month later.[13]

**II.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

As a preliminary matter, Defendants request that the court take judicial notice of various documents recorded in the San Benito County Recorder's office.[14] The court may take judicial

---

[7] *See* Docket No. 1-1, Ex. A, Complaint, at ¶ 10; Docket No. 1-1, Ex. B.

[8] *See* Docket No. 1-1, Ex. A, Complaint, at ¶¶ 14-15.

[9] *See id.* at ¶ 19.

[10] *See id.* at ¶ 20.

[11] *See id.* at ¶ 21.

[12] *See* Docket No. 1-1.

[13] *See* Docket No. 1.

[14] *See* Docket No. 8-1.

2
Case No. 5:15-cv-02337-PSG
ORDER GRANTING MOTION TO DISMISS

notice of a "fact that is not subject to reasonable dispute because it is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[15] Davis has not objected to judicial notice of these documents except to note, correctly, that the court cannot assume the truth of the assertions these documents contain.[16] The authenticity of the documents related to the deed of trust is not in dispute and may be verified by resort to the public record.[17] The court, however, will not rely on facts contained within the documents that reasonably may be subject to dispute.[18] Defendants' request for judicial notice therefore is GRANTED as to all documents, with the caveats above.

## III.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[19] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[20] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[22] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[23]

---

[15] Fed. R. Evid. 201(b).

[16] *See* Docket No. 12 at 7.

[17] *See* Fed. R. Evid. 201(b)(2).

[18] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (finding the district court erred in relying on disputed facts contained within documents that otherwise were the proper subject of judicial notice); *see also* Fed. R. Evid. 201(b).

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[22] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[23] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[24]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[25]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[26]

Against these standards, none of Davis' six causes of action survive.

***First***, Davis claims that U.S. Bancorp violated Cal. Civ. Code § 1921(b) by failing to provide him with descriptive information about adjustable-rate mortgages.[27]  Defendants raise four separate arguments against Davis' cause of action under Section 1921(b), including that none of the Defendants was the original lender, that the statutory provision did not create a private right of action, that the statute is preempted and that the statute of limitations has expired.  Davis conceded this claim in his opposition to the motion to dismiss.

***Second***, Davis claims that U.S. Bancorp's failure to contact him regarding foreclosure alternatives before recording the notice of default violated Cal. Civ. Code §§ 2923.5 and 2924.[28]  Here, too, Davis has failed to state a claim.  As an initial matter, the California Legislature updated this provision as part of the Homeowner's Bill of Rights, which took effect on January 1, 2013.[29]  As the court has noted in other cases, HBOR does not apply retroactively,[30] and the notice of

---

[24] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[25] *See id.*

[26] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[27] *See* Docket No. 1-1, Ex. A, Complaint, at ¶¶ 31-37.

[28] *See* Docket No. 1-1, Ex. A, Complaint, at ¶¶ 38-47.

[29] *See Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1152 (N.D. Cal. 2013).

[30] *See Andre v. Bank of America, N.A.*, Case No. 15-cv-02888, 2014 WL 6895240, at *5 (N.D. Cal. Dec. 5, 2014).

default at issue here was recorded in 2011.[31]  The court must therefore conclude that Davis intends to bring a claim under the previous version of Section 2923.5 that was superseded by HBOR.

Any claim under that version of the statute, however, is now barred by the statute of limitations.  California law imposes a three-year statute of limitations for causes of action created by statute.[32]  In general, "the statute of limitations begins to run upon a present right to sue."[33]  The version of Section 2923.5 at issue here required U.S. Bancorp to contact Davis at least 30 days before filing a notice of default.[34]  The statutory provision implicitly created a private right of action.[35]  Davis could have sued as soon as U.S. Bancorp violated the statutory right—in other words, when U.S. Bancorp recorded the notice of default without contacting him.  The statute of limitations thus began to run in 2011, more than three years before Davis filed his complaint.

Davis argues that the statute created an "ongoing" obligation for the lender,[36] but he misinterprets the precedent that he cites.  In *Mabry*, the California Court of Appeal held that the appropriate remedy for a violation of this statutory right was to postpone the foreclosure sale indefinitely until the required discussion occurred.[37]  But the fact that the remedy for a violation is the imposition of an indefinite obligation does not imply that the violation itself is ongoing.  Davis' interpretation would effectively render the statute of limitations meaningless for actions under Section 2923.5.  Other courts in this district have read the statute in the same way.[38]

---

[31] *See* Docket No. 1-1, Ex. A, Complaint, at ¶ 15.

[32] *See* Cal. Code. Civ. Proc. § 338(a).

[33] *Shewry v. Begil*, 128 Cal. App. 4th 639, 645 (2005).

[34] *See* Cal. Civ. Code § 2923.5(a)(1) (effective January 1, 2010).

[35] *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).

[36] *See* Docket No. 12 at 7.

[37] *See Mabry*, 185 Cal. App. 4th at 225.

[38] *See, e.g.*, *Dang v. Residential Credit Sols., Inc.*, Case No. 14-cv-02587, 2014 WL 5513753, at *5-6 (N.D. Cal. Oct. 31, 2014); *Zacharias v. U.S. Bank N.A.*, Case No. 14-cv-02186, 2014 WL 4100705, at *3 (N.D. Cal. Aug. 20, 2014).

*Third*, Davis claims that the Defendants violated Cal. Civ. Code § 2923.6 by refusing to consider his loan modification application.[39] Section 2923.6 bars mortgage servicers, mortgage beneficiaries and their agents from recording a notice of sale while a borrower's "complete" loan modification application is pending.[40] It further provides that "an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer."[41] In other words, the statute contemplates that the mortgage servicer may require documents from the applicant, and the application is only complete once the applicant has provided those documents.[42] Contrary to Davis' assertion, the "reasonable timeframe" language applies only before the application is complete and refers to the time the applicant has to respond to the lender's requests for documents.[43]

Given this legal standard, Davis' complete application was not pending when the notice of sale was recorded. Davis submitted his application on December 3, 2014, the same day that the notice of sale was recorded.[44] The copy of the application Davis attached to his complaint shows that he did not answer every question on the form.[45] Moreover, he has not alleged that he attached any of the documentation that the servicer required. In the absence of such an allegation, the claim fails to meet the standards of Rule 12(b)(6).

---

[39] *See* Docket No. 1-1, Ex. A, Complaint, at ¶¶ 48-59.

[40] *See* Cal. Civ. Code § 2923.6(c).

[41] *See id.* § 2923.6(h).

[42] *Cf. Valbuena v. Ocwen Loan Servicing, LLC*, 237 Cal. App. 4th 1267, 1274-75 (2015) (finding that the lender could require a loan applicant to submit additional documents before the application was complete, but that there was a triable issue of fact regarding whether the lender had provided a "reasonable timeframe" for the applicant to submit these documents).

[43] *See id.*

[44] *See* Docket No. 1-1, Ex. A, Complaint, ¶ 54; *id.* at Ex. A, Complaint, Ex. B. Defendants observe that the court may consider documents attached to the complaint in deciding whether a plaintiff has stated a viable claim for relief. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Davis has not argued otherwise.

[45] *See* Docket No. 1-1, Ex. A, Complaint, Ex. B.

*Fourth*, Davis claims that U.S. Bancorp has not provided him with a single point of contact to discuss his loan modification, in violation of Cal. Civ. Code § 2923.7(a).[46] This statute requires that "upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact."[47] A "single point of contact" may be "an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described" elsewhere in the statute.[48] This provision "is intended to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely different is being pursued by another."[49]

Davis has failed to plead enough facts to make out a claim under this statute. Davis has alleged that he was not "provided with direct means of communications" to a single point of contact and that "[a]ny purported SPOC assigned has been unresponsive to [Davis'] attempts at communication."[50] Davis further alleges that he "has tried to contact Defendant [U.S. Bancorp] and/or a SPOC since December 3, 2014, yet has been unable to do so" and that he "has been unable to speak to the same representative twice."[51] As Defendants point out, however, Davis also claims that he "has regularly updated the submitted application at all times material and at the specific request of Defendant" U.S. Bancorp,[52] implying that he had at least some communication with Defendants. In any case, to the extent his allegations are consistent, Davis has only provided "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[53]

---

[46] *See* Docket No. 1-1, Ex. A, Complaint, at ¶¶ 60-66.

[47] Cal. Civ. Code. § 2923.7(a).

[48] *Id.* § 2923.7(e).

[49] *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 905 (2013).

[50] Docket No. 1-1, Ex. A, Complaint, at ¶¶ 63-64.

[51] *Id.* at ¶ 65.

[52] *Id.* at ¶ 62.

[53] *Iqbal*, 556 U.S. at 678.

Under *Twombly* and *Iqbal*, Davis must allege specifically his efforts to reach a single point of contact and Defendants' failures to provide him with one.  For example, Davis cites *McFarland v. JP Morgan Chase*, in which the Central District of California denied a motion to dismiss with respect to a claim under Section 2923.7.[54]  The plaintiff in that case alleged that she was transferred between multiple representatives and that none of them could perform the responsibilities of a single point of contact.[55]  She also alleged that she had to submit the same documents repeatedly and that the people she contacted did not know the status of her application.[56]  Other courts that have denied motions to dismiss claims under this provision have cited similarly specific allegations,[57] which are missing here.

***Fifth***, Davis claims that he is entitled to an injunction against any foreclosure sale under Cal. Civ. Code § 2924.12(a).[58]  Because Davis has not asserted any viable claims under HBOR, he is not entitled to an injunctive remedy.

***Sixth***, and finally, Davis claims that all of these failures amount to negligence on the part of U.S. Bancorp.[59]  For the most part, California courts have held that a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."[60]  Courts also have generally

---

[54] *See* Case No. 13-cv-01838, 2014 WL 4119399, at *11 (C.D. Cal. Aug. 21, 2014).

[55] *See id.*

[56] *See id.*

[57] *See, e.g.*, *Johnson v. PNC Mortg.*, 80 F. Supp. 3d 980, 987-88 (N.D. Cal. 2015) (plaintiffs alleged being shunted to a hotline and later talking to a specific person who heard their complaints and promised to call back but did not); *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 999 (N.D. Cal. 2014) (plaintiff alleged that a letter assigned him a person as a single point of contact, but that person did not answer his calls); *Mann v. Bank of America, N.A.*, Case No. 13-cv-02293, 2014 WL 495617, at *4 (C.D. Cal. Feb. 3, 2014) (plaintiffs alleged, including details of specific calls and dates, that they were repeatedly assigned to different single points of contact, had to repeat the details of their loans to all of these people and received contradictory information from them).

[58] *See* Docket No. 1-1, Ex. A, Complaint, at ¶¶ 67-73.

[59] *See id.* at ¶¶ 74-87.

[60] *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991); *see also Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 63 (2013) (citing *Nymark*, 231 Cal. App. 3d at 1096).

8
Case No. 5:15-cv-02337-PSG
ORDER GRANTING MOTION TO DISMISS

held that a "loan modification . . . falls well within a[n] institution's conventional money-lending role."[61] Davis alleges that U.S. Bancorp has failed to review his complete loan modification application.[62] The bank could not have acted as more than a conventional moneylender when it was doing even less.

Davis argues that *Alvarez v. BAC Home Loans Servicing, L.P.*, a recent case from a California appellate court,[63] throws a wrench into the conventional analysis. That court found that the HBOR was an example of "a rising trend to require lenders to deal reasonably with borrowers in default to try to effectuate a workable loan modification."[64] Accordingly, *Alvarez* held that lenders were bound by a duty "to exercise reasonable care in the review of [borrowers'] loan modification applications once [the lenders] had agreed to consider them."[65] Recognizing a split of authority, some courts have followed *Alvarez* and imposed such a duty.[66]

The court need not grapple with this split because Davis has not alleged that Defendants ever agreed to consider his application. All he alleges is that they "[held] themselves out to offer loan modification . . . and provid[ed] a means for [Davis] to submit applications and documentation for loan modification."[67] By contrast, in *Alvarez*, the plaintiffs alleged that "defendants 'undertook to review' plaintiffs' loans for potential modification . . . and . . . having done so they owed

---

[61] *Gonzalez v. Wells Fargo Bank*, Case No. 12-cv-03842, 2012 WL 5350035, at *6 (N.D. Cal. Oct. 29, 2012); *see, e.g.*, *Carbajal v. Wells Fargo Bank, N.A.*, Case No. 14-cv-07851, 2015 WL 2454054, at *6 (C.D. Cal. Apr. 10, 2015); *Casault v. Fed. Nat'l Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1130-31 (C.D. Cal. 2012); *Armstrong v. Chevy Chase Bank, FSB*, Case No. 11-cv-05664, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012); *Settle v. World Sav. Bank, F.S.B.*, Case No. 11-cv-00800, 2012 WL 1026103, at *8-9 (C.D. Cal. Jan. 11, 2012); *Dooms v. Fed. Home Loan Mortg. Corp.*, 2011 WL 1232989, at *12 (E.D. Cal. Mar. 31, 2011).

[62] *See* Docket No. 1-1, Ex. A, Complaint, at ¶¶ 75-78.

[63] 228 Cal. App. 4th 941 (2014).

[64] *Id.* at 950 (quoting *Jolley*, 213 Cal. App. 4th 872 at 903).

[65] *Id.* at 944-45.

[66] *See, e.g.*, *Hatton v. Bank of Am., N.A.*, Case No. 15-cv-00187, 2015 WL 4112283, at *9-10 (N.D. Cal. July 8, 2015); *Rijhwani v. Wells Fargo Home Mortg., Inc.*, Case No. 13-cv-05881, 2015 WL 3466608, at *22 & n.7 (N.D. Cal. May 30, 2015).

[67] Docket No. 1-1, Ex. A, Complaint, at ¶ 82.

plaintiffs the duty to exercise reasonable care in processing and reviewing their applications."[68] The *Alvarez* court found this factor critical.[69] In the absence of such an allegation, *Alvarez* cannot apply, and California law imposed no duty on Defendants.

      Defendants' motion to dismiss is GRANTED. Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[70] Because further amendment might yet save some of Davis' claims, leave to amend also is GRANTED. Any amended pleadings shall be filed within 21 days.

**SO ORDERED.**

Dated: September 28, 2015

                                                                         _____
                                                                         PAUL S. GREWAL
                                                                         United States Magistrate Judge

---

[68] *Alvarez*, 228 Cal. App. 4th at 944-45.

[69] *See id.* at 948 ("Here, because defendants allegedly agreed to consider modification of the plaintiffs' loans, the *Biakanja* factors clearly weigh in favor of a duty." (citing *Biakanja v. Irving*, 320 P.2d 16, 19 (Cal. 1958)).

[70] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).